UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EHONG ESTEBAN SIU,

          Petitioner,

    v.

UNITED STATES OF AMERICA,

          Respondent.

Case No.  C08-1407-JCC
            CR02-0192-JCC

ORDER OF DISMISSAL

      This matter comes before the Court on Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1), the Government's Response (Dkt. No. 13), and Petitioner's Reply (Dkt. No. 14). Having reviewed the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (Dkt. No. 17), Petitioner's timely objections to the R&R (Dkt. No. 18), Petitioner's supplemental objections (Dkt. No. 20), and the balance of the record, the Court hereby DENIES Petitioner's motion for the reasons set forth herein.

      In the R&R, Magistrate Judge Donohue correctly concluded that Petitioner's guilty plea to a money laundering conspiracy under 18 U.S.C. § 1956(a)(2)(A) survives any interpretation of *United States v. Santos*, 128 S. Ct. 2020 (2008), and *Cuellar v. United States*, 128 S. Ct. 1994 (2008), regardless of the effect of these cases any of the

ORDER OF DISMISSAL
PAGE - 1

five additional varieties of money laundering to which Petitioner pled guilty. (Dkt. No. 17 at 15, 17.) Specifically, § 1956(a)(2)(A) provides:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States . . . with the intent to promote the carrying on of specified unlawful activity . . . shall be [guilty of money laundering].

Unlike the provisions of the federal money laundering statute in § 1956(a)(1), this provision makes no reference to the term "proceeds," so the holding in *Santos* as to the meaning of that term has no effect on Petitioner's guilty plea under § 1956(a)(2)(A). Similarly, the *Cuellar* opinion was limited to money laundering convictions under § 1956(a)(2)(B)(i), which prohibits cross-border transfers "designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . ," 128 S. Ct. at 2002, so *Cuellar* is similarly inapplicable to Petitioner's guilty plea under § 1956(a)(2)(A). Because Petitioner validly pled guilty to money laundering under § 1956(a)(2)(A), his conviction must be sustained under any interpretation of *Santos* and *Cuellar*.

In his objection to the R&R, Petitioner suggests that the money laundering conspiracy charge in his indictment was duplicitous because it alleges six varieties of money laundering conjunctively within a single count. (*See* Objection 8 (Dkt. No. 18).) As a result, he suggests that if any one of the six varieties to which he pled guilty cannot be sustained, the entire count is invalidated. (*See id.*) However, it is well-established Ninth Circuit precedent that a single count in an indictment may conjunctively allege multiple varieties of an offense even when the statute specifies those varieties in the disjunctive. *United States v. Urrutia*, 897 F.2d 430, 432 (9th Cir. 1990); *see also Simpson v. United States*, 229 F. 940, 943 (9th Cir. 1916). Proof of any one of the varieties will sustain the conviction on that count. *United States v. Booth*, 309 F.3d 566, 571–72 (9th Cir. 2002) (holding that a money laundering indictment was not

ORDER OF DISMISSAL
PAGE - 2

duplicitous even though it alleged multiple varieties within a single count). Here, the indictment was not duplicitous when it alleged six varieties of money laundering within a single count. (*Id.*) Petitioner's guilty plea to the variety of money laundering set forth in § 1956(a)(2)(A) sustains his conviction even if *Santos* and *Cuellar* were to potentially invalidate some of the other varieties to which Petitioner pled guilty.

The Court has carefully reviewed Petitioner's remaining objections, which focused on Magistrate Judge Donohue's interpretation of *Santos* and *Cuellar*. (*See* Dkt. Nos. 18, 20.) The Court finds that these objections are without merit. More importantly, these objections are irrelevant because they do not affect Petitioner's guilty plea to the money laundering variant set forth in § 1956(a)(2)(A), which stands under any reading of *Santos* and *Cuellar*.

Accordingly, the Court adopts the Report and Recommendation. (Dkt. No. 17.) Petitioner's § 2255 motion is DENIED, and this case is DISMISSED with prejudice. Petitioner's various pending motions are DENIED as moot. The Clerk is directed to send copies of this Order to all counsel of record and to Magistrate Judge Donohue.

DATED this 7th day of July, 2009.


JOHN C. COUGHENOUR
United States District Judge