UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EHONG ESTEBAN SIU,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.  C08-1407-JCC<br>              CR02-0192-JCC<br><br>ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Petitioner's Notice of Appeal (Dkt. No. 27), which the Court has construed as an application for a Certificate of Appealability (*see* Dkt. No. 30); the Government's Response (Dkt. No. 31); and Petitioner's Reply (Dkt. No. 32). The Court hereby DENIES Petitioner's application for the reasons stated herein.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim as to the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Miller El v. Cockrell*, 537 U.S. 322 (2003).

The Court dismissed Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) because Petitioner had failed to raise any plausible challenge to

ORDER OF DISMISSAL
PAGE - 1

his conviction for money laundering under 18 U.S.C. § 1956(a)(2)(A). Neither of the two cases upon which he relied, *United States v. Santos*, 128 S. Ct. 2020 (2008), and *Cuellar v. United States*, 128 S. Ct. 1994 (2008), concerned that provision of the money laundering statute, so they have no bearing on his conviction. (*See* Order 2 (Dkt. No. 24).)

The Court explained that *Santos*, which interpreted the term "proceeds of some form of unlawful activity" to mean the "profits" of that unlawful activity, 128 S. Ct. at 2025, does not apply to § 1956(a)(2)(A) because that money laundering provision is not limited to unlawful proceeds. (*See* Order 2 (Dkt. No. 24).) In his Reply, Petitioner suggests for the first time that a reasonable jurist could interpret the term "funds" in § 1956(a)(2)(A) to mean unlawful "proceeds," thereby invoking the rule in *Santos*. (*See* Dkt. No. 31 at 1.) Petitioner's reading is implausible. Indeed, a different money laundering provision makes clear that unlawful "proceeds" refers only to a specific subset of "funds," so the terms are not synonymous. *See* 18 U.S.C. § 1956(a)(2)(B) (applying only when one "know[s] that the . . . funds . . . represent the proceeds of form of unlawful activity . . ."). No reasonable jurist could conclude that the *Santos* holding applied to § 1956(a)(2)(A). *See* 128 S. Ct. at 2023.[1]

The holding in *Cuellar* is similarly inapplicable to Petitioner's conviction under § 1956(a)(2)(A). *Cuellar* concerned money laundering convictions under § 1956(a)(2)(B)(i), which prohibits the transportation of unlawful proceeds "knowing that such transportation . . . is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control" of those proceeds. The Court held that "[t]he statutory text makes clear . . . that a conviction under this provision requires proof that the purpose—not merely effect—of the transportation was to conceal or disguise a listed attribute." *Cuellar*, 128

---

[1] Petitioner also argues that it is debatable whether the *Santos* holding applies broadly to all unlawful activities or only to those involving illegal gambling. (*See* Reply 2 (Dkt. No. 32).) This debate is irrelevant to the case at hand, however, because *even if it applies broadly to all illegal activities*, the *Santos* holding has no bearing on Petitioner's conviction under § 1956(a)(2)(A), as that money laundering provision is not limited to unlawful "proceeds." (*See* Order 2 (Dkt. No. 24).)

ORDER OF DISMISSAL
PAGE - 2

S. Ct. at 2005. As is obvious from the preceding quotation, the Court's holding was explicitly limited to "conviction[s] under this provision." *Id.* Accordingly, no reasonable jurist could conclude that *Cuellar* had any effect on money laundering convictions under § 1956(a)(2)(A), notwithstanding Petitioner's argument that both provisions involve "transportation." (*See* Mot. 1 (Dkt. No. 32).)

In conclusion, no reasonable jurist could find that either *Santos* or *Cuellar* affected Petitioner's money laundering conviction under § 1956(a)(2)(A). Accordingly, Petitioner is not entitled to a Certificate of Appealability, and his application is DENIED.

DATED this 11th day of August, 2009.

JOHN C. COUGHENOUR
United States District Judge